UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT C. GOTTLIEB &
ASSOCIATES, PLLC,

                Plaintiff,

– against –

LAURENCE F. DOUD III,

                Defendant.

**OPINION & ORDER**

25 Civ. 216 (ER)

---

RAMOS, D.J.:

       The law firm Robert C. Gottlieb & Associates, PLLC ("Gottlieb") brought this action against its former client, Laurence F. Doud III ("Doud"), for breach of contract. Doc. 1-1. Now before the Court is Doud's motion to dismiss. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

### A. Factual Background

       Doud signed a retainer agreement ("Retainer Agreement") with Gottlieb & Janey LLP, a predecessor law firm to Gottlieb, on April 24, 2019, to represent him in a criminal case. Doc 1-1 ("Compl.") ¶ 8. The Retainer Agreement states that any fees for the service of experts are to be deemed separate from the fees paid to Gottlieb and should be paid directly by Doud. Doc 16-1 at 3. On August 27, 2021, Gottlieb and Doud modified the Retainer Agreement, in which Gottlieb agreed that a final payment of $450,000 would cover all legal services in connection with Doud's criminal trial and related issues. Doc 16-2. The modified agreement still contained the provision that any fees for the service of experts are to be deemed separate from the fees paid to Gottlieb and should be paid directly by Doud. Compl. ¶ 11.

       Weeks before trial, Gottlieb advised Doud that they needed to hire a forensic accountant as an expert to testify at trial. Compl. ¶¶ 13–15. On November 29, 2021,

Gottlieb and Doud retained Matson Driscoll & Damico, LPP ("MDD") to serve as the forensic accountant expert. *Id*. ¶¶ 14–15. Gottlieb claims that it signed the retainer agreement ("Expert Retainer") with MDD acting solely in their capacity as an agent for Doud, a disclosed principal. Doc. 16-5 ¶ 4. Doud also signed the retainer agreement as the client and principal on November 29, 2021. Doc. 16-3 at 8.

Doud sent the initial $10,000 retainer payment to Gottlieb to pay MDD, and on December 13, 2021, Gottlieb sent the payment to MDD on behalf of Doud. Compl. ¶ 17. MDD performed a substantial amount of work on Doud's behalf, and Martin Martinovic, a partner at MDD, testified at trial. *Id*. ¶ 18. Doud was convicted at trial and surrendered to the Bureau of Prisons on May 8, 2023. *Id*. ¶ 19. Gottlieb alleges that Doud was aware of Martinovic's work and expressed satisfaction during the trial with his expert testimony. *Id*. ¶ 18. Gottlieb further alleges that Doud refused to pay MDD despite receiving invoices from MDD throughout the trial preparation period, and despite the fact that Derrelle Janey, former principal of Gottlieb & Janey, also negotiated a reduction of the fees sought by MDD. *Id*. ¶ 20.

On August 7, 2023, MDD initiated an arbitration proceeding against Gottlieb and Doud. *Id*. ¶ 22. MDD asserted that Gottlieb and Doud were each separately and directly liable in the amount of $141,061.60 and asserted claims of account stated, breach of contract, quantum meruit, and unjust enrichment. *See* Doc. 16-4. Gottlieb asserted cross-claims against Doud. Doc. 16-5. Gottlieb retained Meyer, Suozzi, English & Klein P.C. ("Meyer Suozzi") to defend it. Compl. ¶ 22. The arbitration proceeded for approximately 10 months, and Doud remained unwilling to pay. *Id.* Ultimately, Gottlieb and MDD reached a settlement agreement resolving all of MDD's claims, including the claims against Doud. *Id*. ¶ 23. According to Gottlieb, the settlement agreement specifically reserved Gottlieb's rights against Doud. *Id*.

### B. Procedural Background

Gottlieb filed an action for breach of contract against Doud in the Supreme Court of the State of New York on December 3, 2024 based on breach of the Retainer Agreement. Doc. 1-1. On January 10, 2025, Doud removed the action to this Court on the basis of diversity jurisdiction, and on March 13, 2025, Doud moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 1; Doc. 14. Gottlieb filed an opposition on April 10, 2025. Doc. 18. Doud filed a reply on April 17, 2025. Doc. 19.

## II.   LEGAL STANDARDS

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 680.

## III.   DISCUSSION

### A. Breach of Contract Claim

To assert a breach of contract claim, under New York law, "a plaintiff must plead (1) the existence of a contract between itself and that defendant; (2) performance of the

plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Markatos v. Citibank, N.A.*, 760 F. Supp. 3d 70, 84 (S.D.N.Y. 2024) (citing *Aubrey v. New School*, 624 F. Supp. 3d 403, 413 (S.D.N.Y. 2022)). The factual allegations in the complaint satisfy these four elements. The Retainer Agreement was signed by both parties on June 28, 2019 and is not disputed by Doud. Doc 16-1. Gottlieb and Doud also modified the Retainer Agreement on August 27, 2021, in which Gottlieb agreed that a final payment of $450,000 would cover all legal services in connection with Doud's criminal trial and related issues. Doc 16-2. Gottlieb performed its obligation under Agreement by representing for Doud in his criminal trial, which is also not disputed by Doud. *See* Compl. ¶¶ 9, 19. In the Retainer Agreement and in the modified Retainer Agreement, Doud agreed that in the event that a forensic accountant was required, he would pay for those expenses separate and apart from fees for legal representation. Doc 16-1 at 3; Doc 16-2 at 2–3. Therefore, Doud had a duty under the Retainer Agreements to pay MDD, and his failure to pay breached this duty. Lastly, the damages that Gottlieb is seeking resulted directly from Doud's breach of his duty. Because Doud failed to pay, Gottlieb was drawn into the arbitration that MDD initiated, hired counsel, and ultimately settled with MDD for $141,061.60, thereby causing Gottlieb damages. Compl. ¶¶ 21–23. Gottlieb, at minimum, would not have needed to retain Meyer Suozzi for the arbitration proceedings if Doud performed his duty to pay MDD. *Id.* ¶ 22. Accordingly, the motion to dismiss the breach of contract claim, the sole claim in the complaint, is DENIED.

### B. Indemnification Claim

Doud claims that Gottlieb's claim is essentially seeking indemnification. Doc. 15. While it is not necessary for the Court to address this claim because it has already found that the breach of contract claim is plausibly pled, the factual allegations in the complaint also plausibly sustain an implied indemnification claim. When a party claims that a duty to indemnify is imposed by contract, that contract must be "strictly construed" and

4

demonstrate an "unmistakable intent" to indemnify the negligent party. *Haynes v. Kleinewefers & Lembo Corp.*, 921 F.2d 453, 456 (2d Cir. 1990) (citing *Levine v. Shell Oil Co.*, 28 N.Y.2d 205, 211 (1971) and *Kurek v. Port Chester Housing Authority*, 18 N.Y.2d 450, 456 (1966)).

In the Retainer Agreements, there is no indemnification provision nor clear language demonstrating intent to indemnify. Doc 16-1; Doc 16-2. Gottlieb instead argues that Doud can be liable for breach of contract based on a plaintiff's right to implied indemnification. Doc. 18 at 14.

"[T]he common law right to indemnification arises when one party is compelled to pay for the wrong of another." *Perkins Eastman Architects, P.C. v. Thor Engineers P.A.*, 769 F. Supp. 2d 322, 329 (S.D.N.Y. 2011) (citing *Westport Marina, Inc. v. Boulay*, No. 06-CV-5569 (DRII), 2010 WL 4340343, at *4 (E.D.N.Y. Oct. 25, 2010)). "Under New York law, [i]ndemnity involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another party who should more properly bear responsibility for that loss because it was the actual wrongdoer." *Conestoga Title Insurance Co. v. ABM Title Services, Inc.*, No. 10-CV-3017 (CM), 2012 WL 2376438, at *3 (S.D.N.Y. June 20, 2012). Therefore, a party is entitled to common-law indemnification if the party had committed no wrong—here, Gottlieb—but is held liable to the injured party by virtue of its legal relationship with the actual wrongdoer—here, Doud. *Steel v. Watch Hill Management Corp.*, No. 08-CV-1698 (GBD), 2010 WL 3290960, at *6 (S.D.N.Y. Aug. 11, 2010).

Moreover, implied indemnification can be sustained only if: "(1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Highland Holdings & Zito I, L.P. v. Century/ML Cable Venture*, No. 06-CV-181 (GBD), 2007 WL 2405689, at *4 (S.D.N.Y. Aug. 24, 2007) (citation omitted). To establish that some duty to indemnify exists between the parties, a special relationship between the two parties is

5

"sufficient to impose certain duties [such that] a subsequent breach of those duties ... permits an implied indemnification." *Trustee of Princeton University v. Tod Williams Billie Tsien Architects, LLP*, No. 19-CV-21248 (BRM) (LHG), 2021 WL 9667971, at *7 (D.N.J. Jan. 29, 2021) (citation omitted). There are four generally accepted special relationships: principal-agent, bailor-bailee, lessor-lessee, and employer-employee. *Id*. (citing *Xiao-Wei Chou v. J.P. Morgan Chase*, No. 18-CV-15407, 2020 WL 1272086, at *2 (D.N.J. Mar. 17, 2020)).

The attorney-client relationship between Gottlieb and Doud is essentially a principal-agent relationship. *United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, AFL-CIO*, 986 F.2d 15, 20 (2d Cir. 1993) ("The lawyer-client relation being one of agent-principal."); *see also Civil Rights Corps v. Pestana*, No. 21-CV-9128 (VM), 2022 WL 1422852, at *9 (S.D.N.Y. May 5, 2022). Accordingly, the facts that Gottlieb alleges are sufficient to satisfy these predicates. In the Retainer Agreement and modified agreement, Doud agreed that in the event that a forensic accountant is required, "any fees to be paid to those individuals are to be deemed separate and apart from the fees paid to this firm and are to be paid directly by [Doud]." Doc 16-1 at 3; *see* Doc 16-2 at 2–3. As a result, Doud bore the responsibility of paying for the expert, and Gottlieb was compelled to pay MDD's fees because Doud breached his duty.

## IV.   CONCLUSION

For the reasons set forth above, the motion is DENIED. The parties are directed to appear for a conference on August 13, 2025 at 2:30 p.m. in Courtroom 619, 40 Foley Square. The Clerk of Court is respectfully directed to terminate the motion, Doc. 14.

It is SO ORDERED.

Dated:  August 1, 2025
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.